UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

SAMUEL WHITE,

                Plaintiff,

    -against-

ALYSSA PAWELSKY,

                Defendant.
----------------------------------------------------------------X

**SUA SPONTE REPORT AND RECOMMENDATION**

19-CV-5246 (GRB) (ST)

**TISCIONE, United States Magistrate Judge:**

      Plaintiff Samuel White brings this diversity action under New York state law to recover nearly $3.5 million that he allegedly lost after Defendant Alyssa Pawelsky, his former girlfriend, allegedly interfered with his expectation of receiving a municipal waste disposal contract. Compl., ECF No. 1.  After the defendant failed to appear for two court conferences and a show cause hearing, the plaintiff filed the present motion for sanctions.  Mot., ECF No. 17.  This Court respectfully recommends that the motion be granted, the defendant's answer be stricken, and a certificate of default be entered.

    **A. Factual Background**

      The plaintiff and the defendant dated in March and April 2018.[1] Compl. ¶ 5.  The plaintiff was in the waste disposal business and aspired to own his own company with a long-term municipal waste disposal contract.  Compl. ¶ 6.  The plaintiff frequently discussed his plans of bidding on a municipal waste contract with the defendant, and they discussed their plans of sharing a life together.  Compl. ¶ 10.  When the time came to bid for the municipal contract, however, the plaintiff realized that he did not have enough money to cover the filing fees. Compl. ¶ 14.  The defendant agreed to give the plaintiff $27,000 so that he could bid on the contract.  Compl. ¶ 14.

---

[1] The allegations in the complaint are deemed true for the purpose of deciding this motion.

On March 15, 2018, the plaintiff applied for the waste disposal contract for the town of Brookhaven, New York. Compl. ¶¶ 11, 12, 19. Because the plaintiff was the lowest bidder, he expected to be awarded the contract, and further discussions with a town representative in mid-April seemed to confirm the plaintiff's expectations of winning the bid. Compl. ¶¶ 19, 23. The plaintiff and the defendant expressed excitement about their future together. Compl. ¶ 21.

But then the relationship took a turn for the worse. According to the plaintiff, the defendant began to display "aggressive" and "erratic" behavior. Compl. ¶ 22. On April 13, 2018, they had an argument over text messages, and the defendant informed the plaintiff that she wanted to break-up.[2] Compl. ¶ 24. She stated that she never wanted to see the plaintiff again and asked him to return the $27,000 that she had given him for the filing fees. Compl. ¶ 24. The plaintiff did not have the money to re-pay her. Compl. ¶ 25.

The plaintiff alleges that "within days" of their argument, the defendant "made a false allegation of domestic abuse against the plaintiff to the Port Authority Police . . . ." Compl. ¶ 26. The plaintiff also alleges that she "contact[ed] the town of Brookhaven regarding the bid[.]" Compl. ¶ 27. Ultimately, the bid was awarded to a third-party on May 3, 2018. Compl. ¶ 28.

The plaintiff filed suit on September 13, 2019. The defendant was served with a copy of the summons and the complaint, see Summons Returned Executed, ECF No. 8, and the defendant filed an answer on December 19, 2019. Answer, ECF No. 9.

The defendant failed to appear for the initial conference held on February 10, 2020. Min. Entry, ECF No. 13. This Court warned that "failure to appear at [the next] conference will result in sanctions." *Id.* After the defendant failed to appear at the March 17, 2020 conference, this Court issued a show cause order directing the defendant to "appear in person on May 6, 2020 at 12:00 p.m. to show cause why a default judgment should not be entered against Defendant for failure to defend." Min. Entry, ECF No. 15. This Court warned: "If Defendant once again fails

---

[2] The plaintiff's complaint states that the text-message argument occurred the day after the plaintiff met with a town representative on April 12, 2018, and yet the complaint states that the argument occurred on April 13, 2019. *See* Compl. ¶¶ 23, 24. It is apparent that the argument occurred in 2018, not 2019, and the complaint merely contains a typographical error.

2

to appear, the Court will recommend striking the Answer and directing the entry of a default judgment." *Id.*

On March 30, 2020, the plaintiff filed a motion for sanctions. *See* Mot., ECF No. 17. In that motion, the plaintiff requested that the court enter default immediately based on the "willful and contumacious" behavior of the defendant. *Id.* This Court did not immediately take action on the motion. At the May 6 show cause hearing, which was converted to a telephone conference, the defendant, once again, failed to appear or otherwise contact the court or opposing counsel. Min. Order, ECF No. 18. Accordingly, this Court granted the plaintiff's motion for sanctions and stated that it would "issue a recommendation that the Answer be stricken and a default judgment entered against the Defendant for failing to defend." *Id.*

### B. Analysis

Rule 16(f) of the Federal Rules of Civil Procedure allows a court to impose sanctions when a party fails to appear at a court-ordered conference or fails to obey other pretrial orders, including sanctions authorized by Rule 37(b)(2)(A)(ii)–(vii). Fed. R. Civ. P. 16(f). Among the available sanctions are "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). Although Rule 37 sanctions are admittedly "a harsh remedy to be used only in extreme situations," *Agiwal v. Mid Island Mort. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted), these sanctions "protect other parties to the litigation from prejudice resulting from a party's noncompliance" and "serve other functions unrelated to the prejudice suffered by individual litigants[,]" including specific and general deterrence. *S. New England Tel. Co. v. Global NAPs Inc.,* 624 F.3d 123, 149 (2d Cir. 2010) (internal quotation marks and citations omitted).

The Second Circuit has articulated "[s]everal factors [that] may be useful in evaluating a district court's exercise of discretion" to impose sanctions pursuant to Rule 37, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal*, 555 F.3d

3

at 302–03 (quoting *Nieves v. City of N.Y.*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). These factors are not exclusive and none is dispositive, "[b]ecause the text of the rule requires only that the district court's orders be 'just,'" and "because the district court has 'wide discretion in imposing sanctions under Rule 37[.]'" *S. New England Tel. Co.*, 624 F.3d at 144 (quoting *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007)). As a *pro se* party, the defendant is entitled to "special solicitude" in considering the appropriate sanction, but the defendant's *pro se* status does not make her "immune" from the imposition of harsh sanctions. *Agiwal*, 555 F.3d at 302; *see MCI Worldcom, Inc. v. Levin*, 31 F. App'x 757 (2d Cir. 2002) (holding entry of default appropriate where *pro se* defendant repeatedly and willfully failed to comply with court orders or appear for depositions). After considering each factor, this Court concludes that striking the defendant's answer and directing entry of default is just and appropriate in these circumstances.

 1. Willfulness

In the motion for sanctions, the plaintiff demonstrates that, in addition to failing to appear to multiple court-ordered conferences, the defendant has ignored multiple telephone calls from this Court and plaintiff's counsel. Mot. at 1. During the February 10 conference, for instance, the court attempted to contact the defendant by phone multiple times with no response. *See id.* After several hours of waiting, this Court went on the record and plaintiff's counsel moved for sanctions due to a willful failure to appear. This Court gave the defendant an additional sixty days to appear, but the defendant, once again, failed to appear for the next court-ordered conference. Finally, the defendant failed to appear for the May 6 teleconference.

It is plain that the defendant is aware of the lawsuit, as she initially answered the complaint, but has nonetheless failed to appear for *any* of the court-ordered conferences. Such conduct is willful and warrants harsh sanctions. *See, e.g.*, *Campos v. Quentin Market Corp.*, No. 16-CV-5303 (RER), 2017 WL 9253412, at *3 (E.D.N.Y. Nov. 21, 2017) (finding willfulness where defendant answered complaint but failed to appear at conferences); *Castillo v. Zishan, Inc.*, No. 16-CV-6166 (JGK), 2017 WL 3242322, at *2 (S.D.N.Y. July 28, 2017) (finding willfulness where defendant answered complaint and consented to withdrawal of counsel but

4

failed to respond to court orders or appear at hearing).

    2.   Efficacy of Lesser Sanctions

Because the defendant has repeatedly failed to comply with court orders and has failed to contact the Court or opposing counsel, the defendant has become essentially unreachable, and it is clear that a lesser sanction that striking the defendant's answer would not be efficacious. While this Court is mindful that lesser sanctions should be considered before striking an answer, *see, e.g.*, *Agiwal*, 555 F.3d at 302, the defendant has repeatedly failed to comply with court orders or communicate in any way to the court or opposing counsel, and therefore any lesser sanction would be "an exercise in futility." *Koch v. Rodenstock,* No. 06-CV-6586 (BSJ) (DF), 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *R&R adopted by*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010); *see also Montblanc-Simplo GmbH v. Colibri Corp.*, 692 F. Supp. 2d 245, 253 (E.D.N.Y. 2010) (finding default appropriate where the defendant "willfully and expressly abandoned its defense of this case" and therefore "[l]ess harsh sanctions would clearly prove fruitless at this stage.")

    3.   Duration of Non-Compliance

The defendant has failed to appear and comply with court orders over the course of a period in excess of three months, which is sufficient to warrant the entry of default. *See, e.g.*, *Local Union No. 40 of the Intern. Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 265–66 (S.D.N.Y. 2015) ("[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions." (collecting cases)).

    4.   History of Warnings

Finally, this Court has repeatedly warned the defendant that a failure to participate in the case would result in sanctions—to wit, up to and including the recommendation of entry of default. This Court first warned the defendant on February 10, 2020 that failing to appear at the March 17 conference "will result in sanctions." Min. Entry, ECF No. 13. When the defendant failed to appear at the March 17 conference, this Court ordered the defendant to show cause why a default judgment should not be entered. Min. Entry, ECF No. 15. This Court warned: "If

Defendant once again fails to appear, the Court will recommend striking the Answer and directing the entry of a default judgment." *Id.* The defendant failed to appear at the May 6 show cause hearing.

Courts have repeatedly found that similar histories of warnings warrant entry of default. *See, e.g.*, *Campos*, 2017 WL 9253412 at *3 (striking answer and entering default where court warned defendants of sanctions); *Zurita v. Bergen Pizza Inc.*, No. 13-CV-1846 (KAM) (LB), 2015 WL 1602148, at *1 (E.D.N.Y. Apr. 2, 2015) (same). The history of warnings provided to the defendant in this case warrants the same.

### C. Conclusion

Each of the four relevant factors favor striking the defendant's answer and directing the Clerk of Court to issue certificates of default against the defendant. Thus, this Court respectfully recommends striking the defendant's answer, see ECF No. 9, directing the Clerk of Court to issue a certificate of default against the defendant, and permitting the plaintiff to move for default judgment within 45 days of the issuance of the certificate of default.

Counsel for the plaintiff is directed to serve a copy of this Report and Recommendation on the defendant and file proof of service with this Court within 10 business days.

### D. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
      May 19, 2020

7